IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO

JOSE R. MARTINEZ-HERNANDEZ
Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

CIVIL NO. 06-2049 (PG)

## OPINION AND ORDER

Petitioner Jose R. Martinez-Hernandez (hereinafter, "Petitioner" or "Petitioner Martinez-Hernandez") proceeding pro se has filed a Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence, along with a Memorandum of Law and an Affidavit. (D.E. # 1).  The Government has filed a Response to Petitioner's Motion Under 28 U.S.C. Section 2255. (D.E.# 7).  Petitioner filed his reply to the Government's response. (D.E. # 10).  For the reasons stated below, Petitioner Martinez-Hernandez's motion pursuant to Title 28 U.S.C. Section 2255 is hereby **DENIED**.

## I.  BACKGROUND

Petitioner, along with two (2) co-defendants, was the subject of a Two (2) Count Superseding Indictment rendered on August 14, 2001, in Cr. No. 01-612. (D.E. # 5).  He, along with seven co-defendants, was also the subject of a Six (6) Count Second Superseding Indictment rendered on November 21, 2001, in Cr. No. 01-614. (D.E. # 116 ).  In addition, Martinez-Hernandez along with a co-defendant, was the subject of a Two (2) Count Indictment rendered on August 14, 2001, in Cr. No. 01-619. (D.E. # 5).

Count One in Cr. No. 01-612 charged a conspiracy to distribute more than one hundred (100) grams of heroin, in violation of 21 U.S.C. Section 846.  Count Two charged carrying firearms in relation to a

Civil No. 06-2049 (PG)                                                                 Page 2

drug trafficking offense in violation of 18 U.S.C. Section 924 (c)(1)(A)(I). (D.E. # 5).

   On March 5, 2002, all cases were called for jury trial as to Petitioner and the other co-defendants. (D.E. # 173).  Jury trial was held on March 5, 6, 8, 11, and 12, 2002. (D.E. # 173, 181, 182, 183, 184, 186, 188).  On the sixth day of trial, March 14, 2002, Petitioner informed the Court of plea negotiations. (D.E. # 193).  On that day, petitioner entered a plea of guilty as to Counts One and Two of the Second Superseding Indictment in Cr. No. 01-612, as to Count Three in Cr. No. 01-614, and  as to Count Two in Cr. No. 01-619. (Cr. No. 01-612, D.E. # 70).

   In Cr. No. 01-612 the parties agreed that Petitioner would be held accountable for the attempt to distribute at least one (1) but less than three (3) kilograms of heroin. (D.E. # 69).

   The sentencing hearing on all three cases was held on August 12, 2002. (Cr. No. 01-614, D.E. # 252). The Court grouped the closely related offenses pursuant to U.S.S.G. Sections 3D1.2(d) and 5G1.2, and determined a base offense level of thirty four (34), in accordance with U.S.S.G. Section 2D1.1.  The Court awarded a two (2) level enhancement for abuse of a position of trust in accordance with U.S.S.G. Section 3B1.3.  A two (2) level reduction was applied for acceptance of responsibility, pursuant to U.S.S.G. Section 3E1.1(a).  With a total adjusted offense level of thirty (34) and a Criminal History Category of Four (IV), Petitioner was sentenced to concurrent terms of imprisonment of one hundred eighty eight (188) months, at the upper end of the applicable guideline range as to: Count One in Cr. No. 01-612, Count Three in Cr. No. 01-614, and Count Two in Cr. No. 01-619.  A consecutive term of sixty (60) months as to the firearms count, Count Two in Cr. No.  01-612,  was imposed. (Cr. No. 01-614, D.E. # 253).  Conviction was summarily affirmed on appeal. United States v. Martinez-Hernandez, Appeal No. 02-2152, 02-2154, 02-2156 (1st Cir. 2005).  Judgment was issued on July 20, 2005. Petitioner Martinez-Hernandez's petition for relief pursuant to section 2255 was filed on August 18, 2009.[1]

## II.  DISCUSSION

   In his petition under 28 U.S.C. Section 2255, Petitioner Martinez-Hernandez claims that Counsel was

---

[1]  Petition is dated October 6, 2006.

ineffective for failing to explain the 18 U.S.C. Section 924 charges in the Indictment.  Petitioner challenges the factual basis for his guilty plea for the charge of carrying a firearm during and in relation to a drug trafficking crime in violation of Section 924(c).  The argument is premised on the contention that Counsel's advise to enter a guilty plea was erroneous, since at the time of the offense he neither used nor carried a weapon.

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).  But "[t]he Constitution does not guarantee a defendant a letter-perfect defense or a successful defense; rather, the performance standard is that of reasonably effective assistance under the circumstances then obtaining." United States v. Natanel, 938 F.2d 302, 309-10 (1ˢᵗ Cir.1991) (citation omitted), cert. denied, 502 U.S. 1079, 112 S.Ct. 986, 117 L.Ed. 2d 148 (1992).

To establish ineffective assistance of counsel, a petitioner must show that the attorney's performance was  deficient, and that the deficiency prejudiced the defense.  Strickland, 466 U.S. at 687 (1984).  In order to establish deficiency, a petitioner must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Counsel is presumed to have acted within the range of "reasonable professional assistance," and  it is petitioner who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.  In order to show prejudice, a petitioner must establish that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Strickland test applies to guilty plea challenges based on ineffective assistance of counsel.  Hill v. Lockhart, 474 U.S. 52 (1985).  To meet the first part of the Strickland test a counseled guilty plea must be based on advice which is within the range of competence demanded of attorneys in criminal cases.  Hill, 474 U.S. at 56.  A guilty plea is valid only if it is based on a voluntary and intelligent choice among the alternative courses of action open to the defendant.  North Carolina v. Alford, 400 U.S. 25 (1970).  In the scenario of a plea agreement the Strickland requirement of prejudice is met if there is a

Civil No. 06-2049 (PG)                                                                    Page 4

reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have proceeded to trial.  Hill, 474 U.S. at 59.  A defendant who pleads guilty upon advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Lockhart at 56.

   In the present case, Petitioner's Section 2255 motion raises challenges to the factual basis of his guilty plea.  He alleges that since he did not understand the factual basis of the weapons charge, his plea was involuntary.  Petitioner's allegation is contrary to the record:

     THE COURT: [I]n count two which is an offense for carrying a firearm in relation to a drug trafficking crime, it carries a mandatory five year sentence which must be imposed consecutively to the sentence in count one.  I gather that is where you get the ten and five, ten in this case and five in the other.

     THE DEFENDANT:  Yes.
(C.O.P. Tr., p. 9)

     THE COURT: [I] have to explain to you that the sentence that I impose except in the case of--the sentence that I impose accepting the case of count two of 01-612 which is a mandatory five year sentence...

   If I impose them consecutively, it would mean then that one sentence would be added on to the other and, of course, the sentence would be much higher.  Do you understand that?

     THE DEFENDANT:  Yes, sir.
(C.O.P. Tr., p.11)

     THE COURT:  And you understand that these sentences, I can impose them concurrently or consecutively, do you understand that?

     THE DEFENDANT:  Yes, sir.
(Plea Tr., pp. 13).

Civil No. 06-2049 (PG)                                                                                    Page 5

    THE COURT:  Nevertheless, the violation in count one (sic) of criminal 01-612 by operation of the law carries a sixty month consecutive sentence which would be an additional five years so the agreement up to now as to defendant's sentence to be recommended to the court that you be sentenced to total offense of 20 years which is fifteen years in count one in 01-612 and in 01-614 and two in 01-619, plus a sixty months of count two, 01-612 for a total of 240 months... do you understand that?

    THE DEFENDANT:  Yes, sir.

(C.O.P. Tr., 15-16).

    THE COURT:  And in count two of 01-612 you are charged that on or about January 14th of the year 2001, Alex Lopez and yourself aiding and abetting each other and in furtherance of the conspiracy alleged in count one, you did knowingly carry a firearm during and in relation to a drug trafficking crime which was the distribution of heroin.  That is what you are charged in count two of criminal 01-612 and I ask you, is that what you did?

    THE DEFENDANT:  Yes, sir.

    THE COURT: [A]nd that is what you are pleading guilty to?

    THE DEFENDANT:   Yes, sir.

(C.O.P. Tr., p.18)

    During the plea colloquy, Petitioner admitted to carrying a firearm in relation to a drug trafficking crime.  The record reflects multiple instances where Petitioner acknowledged the nature of the charges against him and that the sentence was mandatory and consecutive to any other term of imprisonment imposed.  Moreover, at the change of plea hearing petitioner repeatedly acknowledged understanding and knowing the charges, to the point of declining having the Court read the charged offenses:

    THE COURT: Do you know or do you recall that the attorney explained to you what you have been charged with in the other two cases that are now before me that you have pending?

    THE DEFENDANT:  Yes, sir.

Civil No. 06-2049 (PG)                                                                                          Page 6

THE COURT:  There is no need for me to read to you the other indictments at this time?

THE DEFENDANT:  No, sir.

THE COURT:  Had you had enough time to consult with your attorney before this afternoon?

THE DEFENDANT:  Yes, sir.

THE COURT:  And are you satisfied with his services up to now?

THE DEFENDANT:  Yes, sir.

(C.O.P., pp. 4-5)

   Petitioner claims that he did carry a weapon, but that this was not related to the conspiracy to distribute narcotics.  Section 924 (c) requires that carriage of firearm be related to drug offense.  Smith v. United States, 508 U.S. 223, 238 (1993).  The basic elements of a Section 924 (c) (1) violation are: (1) that the defendant committed the predicate drug trafficking crime...; (2) that the defendant knowingly carried or used a firearm; and (3) that the defendant did so during and in relation to the specified predicate offense.  United States v. Bobb, 571 F.3d 491 (3d Cir. 2003).  To support a conviction under this statute, the Government must show that the firearm was possessed by the defendant to promote or advance criminal activity.  United States v. Carlos Cruz, 352 F.3d 499, 509 (1st Cir. 2003).

   In the present case, Petitioner was uniformed and armed with his service weapon when he was conducting transactions of heroin from his patrol cruiser.  The weapon was available to protect Petitioner and discourage any attack or double crossing from his clientele.  Therefore, the presence of his service weapon was not coincidental.  On the contrary, it was crucial to ensuring the outcome of the transactions.  This is sufficient to establish a nexus between carriage of the firearm and the drug trafficking crime.  Furthermore, the pre-sentence report stated that Martinez-Hernandez "would possess and carry firearms during  and in relation to the commission of the drug trafficking offense." (PSI  p.10).  At sentencing,

Civil No. 06-2049 (PG)                                                                                            Page 7

Petitioner did not dispute this factual statement.

   Having established that Petitioner possessed the weapon in furtherance of his drug trafficking transactions and that he made a valid and knowingly guilty plea, his claim of ineffective assistance of counsel fails.


## III. CONCLUSION


   For the reasons stated above, the Court concludes that Petitioner **Jose R. Martinez-Hernandez** is not entitled to federal habeas relief on the claims presented.  Accordingly, it is ordered that Petitioner **Jose R. Martinez-Hernandez**'s request for habeas relief under 28 U.S.C. Section 2255 (D.E. # 1) be **DENIED**, and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Section 2255 be **DENIED.**

   **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of March, 2010.


                                        **S/JUAN M. PÉREZ-GIMÉNEZ**
                                        **JUAN M. PÉREZ-GIMÉNEZ**
                                        **Senior United States District Judge**